| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COMMERCIAL COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. ________________________ |

ALL SOULS UNITARIAN CHURCH, )
)
Plaintiff, )
)
v. )
)
CHURCH MUTUAL INSURANCE COMPANY, S.I. )
)
)
Defendant. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

All Souls Unitarian Church ("Plaintiff" or "All Souls"), by counsel, for its complaint against Church Mutual Insurance Company, S.I., alleges and states as follows:

**Parties**

1. At all times relevant, Plaintiff was a domestic nonprofit corporation licensed to conduct business in the State of Indiana. Plaintiff's principal office is its church, located at 5805 East 56th Street, Indianapolis, Indiana, 46226.

2. Defendant Church Mutual Insurance Company, S.I. ("Defendant" or "Church Mutual"), is an insurance company with its principal place of business located in Merrill, Wisconsin. Church Mutual is duly licensed with the Indiana Department of Insurance to conduct business and provide certain types of insurance in the State of Indiana, including property and casualty insurance. Church Mutual's headquarters are located at 3000 Schuster Lane, Merrill, Wisconsin, 54452. Church Mutual's registered agent for service of process in the State of Indiana as listed with the Indiana Department of Insurance is Corporation Service Company, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204-2448.

EXHIBIT
1

**Jurisdiction and Venue**

3. Jurisdiction and Venue is proper in this Court. The loss occurred in Marion County at Plaintiff's principal location. Defendant Church Mutual conducted business in Marion County when it issued a policy to All Souls. This Court has personal jurisdiction over all parties and subject matter jurisdiction over the claims asserted in this Complaint.

4. Venue is proper in the Commercial Court pursuant to Rule 2(E)(12) as this is a dispute between two business entities as to their business activities related to contracts, transactions, or relationships, specifically a coverage dispute related to a commercial insurance contract.

**Factual Allegations**

5. On January 14, 2024, there was in force a valid policy of insurance, Policy Number 0211372 25-533710 (the "Policy") issued by Church Mutual to All Souls, insuring, in part, Church Mutual's commercial property. A copy of said Policy is attached hereto as **Exhibit A** and is incorporated by reference.

6. All Souls has fully performed all conditions precedent to recovery of proceeds under the Policy.

7. On or around January 14, 2024, an accidental discharge of water occurred as the direct result of the breaking apart or cracking of part of the plumbing system. Shortly thereafter, Plaintiff discovered water leaking through an opening in the roof of the church directly into the church's organ.

8. The water caused significant sudden, accidental, direct physical damage to the Holtkamp Opus organ located within the church, a historical, highly valuable item (the "Property").

9. All Souls requested Church Mutual to pay the costs of repairing and/or replacing the damaged Property.

10. Church Mutual has refused to pay the full cost of replacement or repair of the damaged Property.

11. Church Mutual's denial of All Souls' claim was due to Church Mutual's bad faith decision to refuse to properly and timely handle and pay the claims in full.

12. Specifically, and without limitation, Church Mutual intentionally and/or furtively misconstrued the broad coverage provided by the Policy for direct physical loss to personal property and misrepresented the available coverage limits to All Souls, claiming, without any rational or principled basis, that the Policy limited coverage for the loss to the Property to $10,000.00 when, in fact, the Policy provided basic limits of $1,170,304 for loss or damage to personal property and, by endorsement, extended an additional amount of $10,000.00 for such loss or damage.

13. Church Mutual, acting with a furtive design to avoid paying a large claim, represented to the insured that coverage for the loss to the Property was limited to $10,000.00 and refused to accept or adjust Plaintiff's claim in a timely and appropriate manner, placing its own interests above the interests of its insured.

14. As a direct and proximate result of Church Mutual's bad faith denial of All Soul's claims, All Souls has suffered additional loss and damage over and above the loss and damage caused by the covered loss itself.

**<u>Count I – Breach of Insurance Contract</u>**

15. All Souls incorporates by reference paragraphs 1 through 14 above as if set forth herein in their entirety.

16. All Souls timely reported the losses to Church Mutual and submitted all necessary paperwork and complied with all the terms and conditions of the Policy. To the extent All Souls did not perform any specific condition or duty, such condition or duty has been waived by Church Mutual, or Church Mutual is estopped from enforcing such condition or duty.

17. Church Mutual failed and/or refused to pay All Souls' claims in full, and/or failed to pay All Souls' claim in a timely manner.

18. The Policy constitutes a valid and enforceable contract between All Souls and Church Mutual and was in full force and effect as of the time All Souls suffered the losses insured against in the Policy. The Policy includes replacement cost coverage of like kind and quality for lost or damaged property.

19. Church Mutual has breached its insurance contract with All Souls by failing to pay to All Souls the amounts due under the Policy.

20. As a direct and proximate result of Church Mutual's breach of the contract, All Souls has suffered damages including, without limitation:

    a. direct damages;

    b. consequential damages;

    c. incidental damages;

    d. prejudgment interest; and

    e. other damages not yet identified.

WHEREFORE, All Souls, by counsel, prays for damages for Church Mutual's breach of contract, and for all other relief just and proper in the premises.

**Count II – Breach of the Duty of Good Faith and Fair Dealing**

21. All Souls incorporates by reference paragraphs 1 through 20 above as if set forth herein in their entirety.

22. Church Mutual owed All Souls a duty of good faith and fair dealing in conducting its investigation, in making its coverage determinations, in communicating with the insured(s), and in handling and paying All Souls' claims associated with the losses described herein.

23. Church Mutual breached its duty to act in good faith in dealing with All Souls.

24. Church Mutual acted with malice, fraud, gross negligence and oppressiveness in the following non-exhaustive list of ways: (a) in conducting its investigation; (b) in making its coverage determinations; (c) in refusing to conduct a full and reasonable investigation; (d) in misleading its insured regarding policy conditions and coverage; (e) in handling and paying (and failing to pay) All Soul's claim associated with the loss described above; (f) in making an unfounded refusal to pay policy proceeds to All Souls under the Policy; (g) in failing to admit liability to the insured under the Policy; and (h) by otherwise failing to consider All Soul's interests on at least an equal footing with its own interests.

25. As a direct and proximate result of Church Mutual's bad faith conduct, All Souls has been damaged.

WHEREFORE, All Souls, by counsel, prays that the Court assess damages against Church Mutual in an amount sufficient to compensate All Souls for all recoverable damages suffered as a result of the breach of contract and such damages as may be due All Souls as a result of Church Mutual's breach of the duty of good faith, as well as pre- and post-judgment interest, attorneys' fees, exemplary and/or punitive damages, and other appropriate relief as may be just and proper in the premises.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedural, All Souls demands trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz

Michael L. Schultz (20361-49)
Courtney L. Darcy (35800-49)
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street
Suite 1800
Indianapolis, IN 46204
Telephone: (317) 269-2500
Facsimile: (317) 269-2514
Email: mschultz@parrlaw.com
cdarcy@parrlaw.com

*Attorneys for Plaintiff, All Souls Unitarian Church*